RICARDO CESANI NIETO ET AL., Plaintiffs and Appellees, v. TOMÁS CARLO, k/a TITO CARLO, Defendant and Appellant.

No. R-62-81. Decided November 5, 1962.

---

*Mario Báez y García* for appellant. The appellee did not appear.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

The brothers Ricardo, José Antonio, and Eugenio Bernardo Cesaní Nieto filed an action of unlawful detainer at sufferance against Tomás Carlo, alleging that the latter occupied a parcel of 5.12 cuerdas belonging to plaintiffs, with two structures—a galvanized zinc-roofed frame house, used as a commercial establishment, and a paper-roofed frame outbuilding used as a storehouse—without paying any rent

or consideration and without there existing any agreement between the parties regarding the use and enjoyment of the land; and in view of defendant's refusal to vacate and to remove those constructions, they moved for an order to vacate and to remove both structures. Defendant answered denying the essential facts and alleging the defense of res judicata, "inasmuch as the same facts were passed upon . . . in civil case No. CS–57–884 by the same parties in this same Court."

Seven months after the issue was joined, and the action remaining inactive during this period, plaintiffs asked leave to file a complaint which they entitled civil action in which, in addition to reproducing the facts stated in the original complaint, they alleged that the structures had been constructed in bad faith without plaintiffs' express or implied permission or consent. Request was made in the prayer for an order directing defendant to leave the parcel of 5.12 cuerdas free and clear or to remove the structures thereon, and for a declaration that the same belonged to plaintiffs by accession without being required to pay any sum therefor. The court granted the leave sought. In view of defendant's failure to answer the amended complaint, his default was entered of record and the corresponding hearing was held and judgment entered sustaining the complaint. Motion was made to set aside this judgment, and in view of plaintiffs' acquiescence the trial court so ordered. Defendant reproduced the original answer as his allegation to the amended complaint.

The case was heard and the parties submitted the same on the documentary evidence introduced consisting of the records of civil cases CS-57–884, unlawful detainer, and CS-57–286, injunction to recover possession. The trial court dismissed the defense of res judicata and, relying on the findings of the injunction,[1] sustained the complaint, ordered the

---

[1] The findings of fact, copied verbatim, read as follows:

"1. Plaintiffs Ricardo, José Antonio, and Eugenio Bernardo Cesaní Nieto are the owners of the following property:

removal of the structures within a period of 30 days, or, in default thereof, it authorized plaintiffs to demolish them at the expense of defendant.

The only error assigned in this appeal refers to the dismissal of the defense of res judicata set up by defendant. In support thereof he invokes a judgment rendered on March 7, 1958, dismissing a complaint of unlawful detainer filed by plaintiffs against defendant and ordering its dismissal for *want of prosecution*, pursuant to the provisions of Rule 11 of the Rules of Administration for the Court of First Instance, 4 L.P.R.A. App. II, p. 958. The complaint in this first action contained *allegations identical* with those stated in the original complaint in this case.

In *Cruz* v. *Bruno*, 76 P.R.R. 905 (1954), we said that a judgment in an unlawful detainer proceeding does not constitute res judicata in a plenary trial or ordinary proceeding. To that effect, *Banco Territorial y Agrícola* v. *Arvelo*, 7 P.R.R. 551 (1904). And that is precisely the situation before us in this appeal, since, independently of the procedure followed before the trial court, the action prosecuted was an action of accession, that is, the determination was that defendant was a builder in bad faith and as such

---

"RURAL: Parcel of land of approximately five cuerdas and twelve hundredths of another, namely, Twenty Thousand One Hundred Twenty-Eight square meters and five centimeters, equivalent to two hectares, twelve ares, eight centiares, and five hundredths milliares, situated in the ward of Sabanetas of Mayagüez. It is bounded on the north, forty-five meters long, by Miguel Quiñones, now Evangelista Feliciano; on the south, forty-five meters, by Ricardo Moreno, now Julio Padilla; on the west, four hundred forty-nine meters and three centimeters, by the ocean; and on the east, forty-nine meters and three centimeters by a public highway which separates it from the main property from which it was segregated.

"2. Defendant Tomás Carlo, known as Tito Carlo, is in possession of the following structures located within plaintiffs' parcel described above:

"Zinc-roofed frame house, used for commercial purposes, having a frontage of 32 feet and a depth of 16 feet, which is divided into two sections. Paper-roofed frame outbuilding having a frontage of 18 feet and a depth of 16.5 feet, which is used as a storehouse for the business established in the frame house above described.

plaintiffs could recover the constructions of the former without paying any sum. As stated in *Virella* v. *Virella*, 23 P.R.R. 644 (1916), the judgment in an action of unlawful detainer involving possession is no bar to the prosecution of an ordinary action to settle the right of ownership, and, therefore, it can not serve as a basis for the plea of res judicata. The same doctrine obtains in Spain, Judgments of February 23, 1956 (54 *Jurisp. Civil* 3d 1411) ; July 6, 1954 (47 *Jurisp. Civil* 3d 736) ; July 8, 1914 (131 *Jurisp. Civil* 84) ; *cf.* Judgment of March 8, 1951 (34 *Jurisp. Civil* 2d 128). As a matter of fact, there is no identity of causes of action, *Silva* v. *John Doe*, 75 P.R.R. 198 (1953), since as we have said the judgment of dismissal was entered in an action of unlawful detainer and this is an action of accession.

▮▮▮ On the other hand, it is known that judgments of dismissal for abandonment or want of prosecution constitute res judicata under the provisions of Rules 41(*b*) of 1943, 32 L.P.R.A. App. R41(*b*), p. 632, and 39.2 of the Rules of Civil Procedure of 1958, 32 L.P.R.A. (1961 Supp.), p. 143; *Bolker* v. *Superior Court*, 82 P.R.R. 785, 798–99 (1961) ; *Pérez* v. *Bauzá*, 83 P.R.R. 213 (1961) ; *Souchet* v. *Cosío*, 83 P.R.R. 730 (1961) ; and that a different doctrine prevailed prior to their effectiveness, *Capella* v. *Carreras*, 57 P.R.R.

"3. Defendant acquired the structures in question by purchase from the spouses Claudio Gutiérrez and María Teresa Carrera by public deed No. 20 of February 26, 1957, executed before Notary Eduardo A. Ruiz. In that deed it is stated that the structures are erected on lands of The People of Puerto Rico. The evidence shows, however, that those structures are erected within plaintiffs' land above described, although the structure used for commercial purposes was already in the land when the latter was acquired by plaintiffs forming part of a larger property.

"4. There is no agreement between plaintiffs and defendant, nor between the latter or his vendors and the former owners of the land, regarding the construction of those structures nor in connection with the use and enjoyment of the land so occupied.

"5. Defendant recently performed reconstruction and/or repair works in those structures. In one of them he built wooden walls which were formerly made of branches. He also constructed with old lumber a cabin for an outhouse. Other proposed repairs were suspended as a result of the restraining order."

250 (1940); *cf. Antonio Roig Sucrs.* v. *District Court*, 66 P.R.R. 424 (1946); *Reyes* v. *Reyes*, 76 P.R.R. 266, 276 (1954); see *Dismissal as Res Judicata*, 54 A.L.R.2d 473, 501 (1957). Since the Rules do not apply to unlawful detainer proceedings, Rule 81 of 1943, 32 L.P.R.A. App. R81, p. 660, and Rule 61 of 1958, 32 L.P.R.A. (1961 Supp.), p. 177; *Roger* v. *Torres*, 71 P.R.R. 798 (1950); *Rivera* v. *Cobián Chinea & Co.*, 68 P.R.R. 531 (1948); *Torres* v. *District Court*, 67 P.R.R. 270 (1947), it can not be asserted that a judgment for abandonment entered in an unlawful detainer proceeding may be invoked as res judicata.

Appellant finally contends that the court permitted an amendment to the complaint to change the nature of the cause of action. However, he does not allege that he was prejudiced by such action, and under these circumstances we will not disturb the judgment rendered, especially since defendant had a day in court and actually availed himself of it by raising the issues which he deemed pertinent.

The judgment rendered by the Superior Court, Mayaguez Part, on March 7, 1962 will be affirmed.

